# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

MICHAEL PAUL BRADLEY,

    Petitioner,

v.

WARDEN ROBERT ADAMS, JR.; and
STATE OF GEORGIA,

    Respondents.

CIVIL ACTION NO.: 6:18-cv-59

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Bradley ("Bradley"), who is currently incarcerated at Jenkins Correctional Facility in Millen, Georgia, filed a handwritten 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, as amended, challenging his convictions obtained in the Superior Courts of Morgan County and Greene County, Georgia.[1]  Docs. 1, 4.  Bradley also filed two motions to

---

[1] Approximately one month after filing his initial Petition, Bradley filed a document titled "Petition to Transfer Case to Federal Court," which was docketed as an Amended Petition. Doc. 4. In this filing, Bradley makes essentially the same assertions as he did in his original Petition, and the Clerk of Court was correct in docketing it as an Amended Petition. Even if the Court were to construe this document as an attempt to remove state court proceedings to this Court, removal would not be authorized in this case.

Section 1443 allows criminal defendants to remove a criminal action from state court to federal court in certain limited circumstances, namely in cases involving laws that provide for equal civil rights. See 28 U.S.C. § 1443; Florida v. Bugoni, No. 8:13-CV-653, 2013 WL 1632134, at *2 (M.D. Fla. Apr. 16, 2013). Removal requests under § 1443(1) must satisfy a two-part test first articulated in Georgia v. Rachel. Georgia v. Rachel, 384 U.S. 780, 800 (1966); Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001). The party seeking removal must first show that "the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Taylor v. Phillips, 442 F. App'x 441, 442 (11th Cir. 2011) (quoting Conley, 245 F.3d at 1295). This first prong of the Rachel test is frequently determinative: removal is only appropriate for asserted violations of rights premised in racial equality, not for violations of civil rights laws of "general application available to all persons or citizens." Rachel, 384 U.S. at 792; Taylor, 442 F. App'x at 442–43; Conley, 245 F.3d at 1295–96. Bradley does not allege any violations of rights based on racial equality, and therefore, he cannot seek removal under § 1443. Additionally, Bradley cannot remove under § 1443(2). Taylor, 442

proceed *in forma pauperis* and a motion for a writ of habeas corpus *ad testificandum*. Docs. 2, 5, 6. For the following reasons, I **DENY** Bradley's motions. Additionally, I **RECOMMEND** the Court **DISMISS** Bradley's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bradley *in forma pauperis* status on appeal.

## BACKGROUND

Bradley was indicted in Greene County, Georgia, on April 24, 1996, for kidnapping with bodily injury, aggravated assault, and criminal attempt to commit theft by taking a motor vehicle. Doc. 1-3 at 12–14. Bradley pleaded guilty to all three offenses on February 16, 1998, and was sentenced to life imprisonment plus 20 years. Doc. 1-3 at 15. Bradley did not file a direct appeal. Bradley v. Barrow, No. 3:10-cv-31(CDL), 2010 WL 4682656, at *1 (M.D. Ga. Oct. 14, 2010).

Additionally, Bradley was indicted in Morgan County, Georgia, on June 3, 1996, for felony murder while in commission of a kidnapping, armed robbery of a motor vehicle, and hijacking a motor vehicle. Doc. 1-3 at 3. A jury convicted him on all counts on July 17, 1997, and sentenced Bradley the next day to two consecutive life sentences on the felony murder and armed robbery counts and to 20 consecutive years for hijacking a motor vehicle. Bradley v. State, 533 S.E.2d 727, 728 n.1 (Ga. 2000); Doc. 1-3 at 6. After the Morgan County trial court denied his motion for a new trial, Bradley filed an appeal with the Georgia Supreme Court. Bradley, 533 S.E.2d at 728. The Georgia Supreme Court affirmed Bradley's conviction for felony murder but determined the venue "was not properly laid in Morgan County" for armed robbery of a motor vehicle and hijacking of a motor vehicle offenses. Id. at 729. The Georgia Supreme Court noted Bradley and his co-defendant forced the victim in her car at gunpoint in

---

F. App'x at 443 (explaining that subsection (2) is only available to "federal officers or agents and those authorized to act with or for them").

Greene County, Georgia, and ordered her to drive to Morgan County, where she was taken from her car and shot. Id. Thus, the Georgia Supreme Court found venue for armed robbery of a motor vehicle and hijacking of a motor vehicle charges was proper where the victim "lost 'complete dominion'" over her vehicle, namely Greene County. Id. at 730. In addition, the Georgia Supreme Court found a re-trial on those charges where "venue is proper and proven[ ]" would not be barred because no jeopardy attached, and venue "does not go to the guilt or innocence of the defendant[.]" Id. (quoting Kimmel v. State, 404 S.E.2d 436 (Ga. 1991)). It does not appear Bradley was ever re-tried.

Bradley then filed a § 2254 petition in the Northern District of Georgia on December 22, 2000. Pet., Bradley v. Thompson, 1:00-cv-03421 (N.D. Ga. Dec. 22, 2000), ECF No. 1. Upon motion, the Northern District of Georgia dismissed Bradley's petition without prejudice based on his failure to exhaust his state court remedies. R. & R. & Order, Bradley v. Thompson, 1:00-cv-03421 (N.D. Ga. May 24 & June 25, 2001), ECF Nos. 9, 10.

On October 22, 2007, Bradley filed an application for writ of habeas corpus in the Superior Court of Washington County, Georgia, to challenge his Greene County convictions, which was denied on February 6, 2009. Bradley, 2010 WL 4682656, at *1. Bradley filed an application for certificate of probable cause to appeal the denial of his state habeas action, and the Georgia Supreme Court denied him relief. Id.

On October 26, 2007, Bradley filed an application for writ of habeas corpus in the Superior Court of Washington County, Georgia, to challenge his Morgan County conviction for felony murder, which was denied on February 18, 2009. R. & R., Bradley v. Barrow, 3:10-cv-33 (M.D. Ga. Oct. 14, 2010), ECF No. 18. Bradley filed an application for certificate of probable

cause to appeal the denial of his state habeas action, and the Georgia Supreme Court denied him relief. Id.

Bradley filed a § 2254 petition in the Middle District of Georgia on April 28, 2010, challenging his Greene County convictions. Pet., Bradley v. Barrow, 3:10-cv-00031-CDL (M.D. Ga. May 10, 2010), ECF No. 1. Upon the respondent's motion, the Middle District of Georgia court dismissed Bradley's petition as being untimely filed. Mot., Bradley v. Barrow, 3:10-cv-00031-CDL (M.D. Ga. Aug. 15, 2010), ECF No. 15. The Middle District of Georgia court found Bradley had to have filed a federal habeas petition no later than March 18, 1999, to be timely filed, and by the time Bradley filed his state habeas action in 2007, the statute of limitations applicable to § 2254 petitions "had long since expired." R. & R., Bradley v. Barrow, 3:10-cv-00031-CDL (M.D. Ga. Oct. 14, 2010), ECF No. 18, p. 2. This recommendation was adopted as the opinion of the Court. Order, Bradley v. Barrow, 3:10-cv-00031-CDL (M.D. Ga. Nov. 8, 2010), ECF No. 19. Bradley filed a notice of appeal and motion for certificate of appealability. The Eleventh Circuit Court of Appeals denied Bradley a certificate of appealability and, in so doing, stated, "Although the one-year limitations period for filing his § 2254 habeas petition expired in March 1999, Bradley did not file his petition until April 2010[] and did not demonstrate that the limitations period should have been statutorily or equitably tolled." Mandate, Bradley v. Barrow, 3:10-cv-00031-CDL (M.D. Ga. June 8, 2011), ECF No. 30, p. 1. The United States Supreme Court denied certiorari. Letter, Bradley v. Barrow, 3:10-cv-00031-CDL (M.D. Ga. Dec. 14, 2011), ECF No. 31, p. 2.

Bradley also filed another § 2254 petition in the Middle District of Georgia on April 28, 2010, challenging his Morgan County convictions. Pet., Bradley v. Barrow, 3:10-cv-00033-CDL (M.D. Ga. May 10, 2010), ECF No. 1. Upon the respondent's motion, the Middle District of

4

Georgia court dismissed Bradley's petition as being untimely filed and found Bradley had to have filed a federal habeas petition no later than one year after December 10, 2000, the date his Morgan County conviction became "final" to be considered timely filed. R. & R., Bradley v. Barrow, 3:10-cv-00033-CDL (M.D. Ga. Oct. 14, 2010), ECF No. 18, p. 3. The Magistrate Judge recommended Bradley's § 2254 motion be dismissed as untimely filed, and this recommendation was adopted as the opinion of the Court. Order, Bradley v. Barrow, 3:10-cv-00033-CDL (M.D. Ga. Nov. 8, 2010), ECF No. 19. Bradley filed a notice of appeal and motion for certificate of appealability. The Eleventh Circuit denied Bradley a certificate of appealability. Mandate, Bradley v. Barrow, 3:10-cv-00033-CDL (M.D. Ga. Apr. 4, 2011), ECF No. 30, p. 1. The United States Supreme Court denied certiorari. Letter, Bradley v. Barrow, 3:10-cv-00033-CDL (M.D. Ga. Dec. 14, 2011), ECF No. 31, p. 2.

Bradley is serving his imposed life sentence and is currently incarcerated at Jenkins Correctional Facility. Bradley filed his § 2241 Petition on May 31, 2018. Doc. 1. Less than three weeks later, Bradley filed an "extraordinary motion for new trial" with the Superior Court of Morgan County, and that court denied Bradley's motion. Doc. 4 at 12, 14–23, 24.

## DISCUSSION

Bradley makes the following allegations in his Petition: (1) the arrest warrants for his charged crimes were obtained without probable cause; (2) the district attorney violated the "indictment procedure" and his right to due process; and (3) the trial judge permitted his prosecution to be handled in such a way that the trial court's jurisdiction was "impair[ed.]" Doc. 1 at 5, 7, 9. In general, Bradley contends his convictions and sentences obtained in both Greene and Morgan counties violated his constitutional rights and the laws of Georgia. Id. at 15–18; Doc. 4 at 5–9.

**I.     Whether Bradley Can Proceed Under § 2241**

Bradley's Petition should be dismissed because it is a second or successive attack on his state-court conviction that can only made in compliance with § 2254, and Bradley has not satisfied the requirements of § 2254. Bradley's attempt to label his filing as a § 2241 petition does not help. His Petition is a barred by § 2254 and should be dismissed.[2]

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to § 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" Section 2241(c)(3) applies. Id. at 786. This Section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" Id. (quoting § 2254(a) (emphasis in original)). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant

---

[2]     The Court notes that Bradley's Petition and his amendment are entirely handwritten. The Court provides forms for filing habeas and civil rights cases to prisons and jails. The forms require inmates to answer questions about things like 28 U.S.C. § 1915(g) strikes and repeat habeas filings. Some inmate-litigants bypass those forms in favor of "home-brewed" filings, in some instances to avoid disclosing unfavorable information. See, e.g., Bright v. Corizon Health Corp., Case No. CV415-145, 2015 WL 9257155, at *1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."); see also Davis v. Olens, Case No. CV416-119, 2016 WL 3034069, at *1 (S.D. Ga. May 26, 2016) (warning against "home-brewed" filings in cases which could be considered § 2254 petitions). Williams v. Freesemann, Case No. CV415-265, 2015 WL 6798946, at *2 (S.D. Ga. Oct. 15, 2015). In this case, Bradley failed to disclose information about his previous filings in his "home-brewed" Petition and amendment that would have been disclosed had he used the Court's preferred forms. While the Court would normally order a petitioner to revise his petition on the Court's form petition, here it is clear that such an effort would be futile.

restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Smalls v. St. Lawrence, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012).

Bradley seeks to attack his state court convictions via his Petition, and such an attack must be brought pursuant to § 2254. A search for Bradley's previous filings reveals he has filed multiple § 2254 petitions attacking the same state court convictions: (1) Order, Bradley v. Thompson, 1:00-cv-3421 (N.D. Ga. June 25, 2001), ECF No. 10 (dismissing without prejudice § 2254 petition for failure to exhaust state court remedies); (2) Order, Bradley v. Barrow, 3:10-cv-31 (M.D. Ga. Nov. 8, 2010), ECF No. 19 (dismissing with prejudice § 2254 petition as untimely); and (3) Order, Bradley v. Barrow, 3:10-cv-33 (M.D. Ga. Nov. 8, 2010), ECF No. 19 (same). Because this is a second or successive § 2254 petition and Bradley never sought permission from the Eleventh Circuit Court of Appeals before filing, "this Court is not at liberty to consider it." Smalls, 2012 WL 1119766 at *1; see Romero v. Ford, 735 F. App'x 696, 696–97 (11th Cir. 2018) (recognizing a second § 2254 petition filed after a dismissal with prejudice as untimely constitutes a second or successive § 2254 petition and affirming the district court's

7

dismissal of the unauthorized second petition).³  Accordingly, the Court should **DISMISS**

Bradley's Petition.

## II.  Leave to Proceed *in Forma Pauperis*

The Court should also deny Bradley leave to appeal *in forma pauperis*.  Though Bradley has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

³  A dismissal for failure to exhaust state court remedies is not a dismissal with prejudice, so the Court merely notes Bradley's first § 2254 petition.  See Isaac v. Augusta SMP Warden, 470 F. App'x 816, 818 (11th Cir. 2012) (noting a dismissal for failure to exhaust state court remedies should be a dismissal without prejudice).

8

Based on the above analysis of Bradley's Petition, the Court should **DENY** Bradley *in forma pauperis* status on appeal, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

**CONCLUSION**

Based on the foregoing, I **DENY** Bradley's Motions. Docs. 2, 5, 6. For these same reasons, I **RECOMMEND** the Court **DISMISS** Bradley's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Bradley *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Bradley.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of January, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA