# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| MICHAEL PAUL BRADLEY, | |
| Petitioner, | CIVIL ACTION NO.: 6:18-cv-59 |
| v. | |
| WARDEN ROBERT ADAMS, JR.; and STATE OF GEORGIA, | |
| Respondents. | |

## O R D E R

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 8), to which Petitioner Michael Bradley ("Bradley") filed Objections, (doc. 11). Bradley's Objections are largely unresponsive to the Magistrate Judge's Report and Recommendation. However, Bradley does assert that the Magistrate Judge erred by construing his 28 U.S.C. § 2241 Petition as a second or successive 28 U.S.C. § 2254 Petition. (Doc. 11, pp. 2–3.) Despite Bradley's assertions to the contrary, the Magistrate Judge correctly construed Bradley's Petition as being a second or successive Section 2254 petition subject to the restrictions of Section 2254, including the bar against unauthorized second or successive petitions. (Doc. 8, pp. 6–8.) The Court **OVERRULES** Bradley's Objections.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Bradley's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Bradley *in forma pauperis* status on appeal. The Court also **DENIES** the Motion for Writ of Habeas Corpus ad Testificandum. (Doc. 13.)

In addition, "[i]n order to appeal from the dismissal of a § 2241 petition, a state prisoner must obtain a COA [Certificate of Appealability]." Johnson v. Warden, Ga. Diagnostic & Classification Prison, 805 F.3d 1317, 1322–23 (11th Cir. 2015) (citing Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal.")). A COA may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a COA requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a COA, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336. There are no discernable issues worthy of a COA; therefore, the Court **DENIES** the issuance of a COA.

**SO ORDERED**, this 1st day of March, 2019.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA